### COMPTON v. COMPTON.

(Supreme Court, Appellate Division, First Department. February 23, 1906.)

1. DIVORCE—JUDGMENT FOR SUPPORT—FAILURE TO PAY—CONTEMPT.

    A defendant in divorce, who failed to contribute to plaintiff for her support, and that of their child, as required by the judgment, can be proceeded against by plaintiff as for a contempt.

    [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, § 756.]

2. SAME—MODIFICATION OF JUDGMENT.

    In proceedings by plaintiff in divorce against defendant for a contempt for failure to contribute to the support of plaintiff and their child, as required by the judgment, an order discontinuing future payments for the support of plaintiff, can be made on plaintiff's motion to that effect.

    [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 691–695.]

Appeal from Special Term, New York County.

Suit for divorce by Melissa Walton Compton against Charles Kenith Compton. From an order denying a motion for an order adjudging

defendant in contempt for nonpayment of alimony, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Allen Caruthers, for appellant.
James J. Fitzgerald, for respondent.

CLARKE, J. On February 6, 1902, a final judgment was entered herein granting to the plaintiff an absolute divorce from the defendant. In said judgment, it was also provided that the plaintiff should have the care, custody, and control, during his minority, of the child of said parties, and that said defendant during the natural life of the plaintiff, and during the minority, in case of her death, of the child, should contribute to the plaintiff the sum of $20 per week for her support and the support, maintenance, care, and education of said child; the first payment to be made January 24, 1902, and each week thereafter. It appears that at the time of the making of the motion herein the defendant was in default in the payments provided for in said judgment in the sum of $2,840, and that the total paid under said judgment was $106. It further appears that the child is now 15 years of age, and is living with and is supported by the plaintiff. Both parties have married again since the divorce. The Special Term denied the motion to adjudge the defendant in contempt. The judgment stands unreversed, unappealed from, and not modified. The default in payment is not denied. The plaintiff was entitled to proceed as for a contempt, and the order asked for should have been granted.

The plaintiff in her moving papers and in the brief submitted in her behalf states that inasmuch as she has married again she does not desire any further personal support from the defendant; but that as the next friend of her and his minor child, she askes that the defendant be required to pay $10 a week for his education and support, and asks that if this court on this application has the power to modify the judgment accordingly, it do so. A party may voluntarily waive his rights, and this offer may be embodied in an appropriate order; said reduction to date from the issuance of the order to show cause herein.

The order appealed from should be reversed, with $10 costs, and disbursements, and the application to adjudge the defendant in contempt granted, with $10 costs. All concur.